UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRETTON BARBER, a Minor, Through his
Mother and Next Friend, PATRICIA A. BARBER,

03-71222

Case No.

Plaintiff,

Hon. PATRICK J. DUGGAN

v.

DEARBORN PUBLIC SCHOOLS, and
JUDITH COEBLY, in her official and
individual capacities,

MAGISTRATE JUDGE PEPE

Defendants.
_____/

Andrew Nickelhoff (P37990)
Cooperating Attorney for the ACLU Fund
  of Michigan
Sachs Waldman, PC
1000 Farmer Street
Detroit, MI 48226
(313) 496-9429

Michael J. Steinberg (P43085)
Kary L. Moss 49759
American Civil Liberties Union Fund
  of Michigan
60 West Hancock Street
Detroit, MI 48201
(313) 578-6800, ext. 814

_____/

## COMPLAINT

Plaintiff, through his attorneys, states as follows for his complaint:

### INTRODUCTION

1. Defendant Dearborn Public Schools sent plaintiff Bretton Barber home from school on February 17, 2003, because he wore a T-shirt criticizing President George W. Bush and told him that he could not wear the T-shirt to school again. The defendants' action violated plaintiff Barber's freedom of speech under the First and Fourteenth

1

Amendments to the U.S. Constitution. Plaintiff seeks, among other things, a declaration that defendants' actions were unconstitutional, an injunction compelling defendants to permit plaintiff to wear the shirt, nominal damages, and attorneys fees.

## JURISDICTION AND VENUE

2.  Plaintiff brings this action pursuant to the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over the claim pursuant to 28 U.S.C.§§ 1331, 1343, and 28 U.S.C. § 2201.

3.  The acts which form the basis of plaintiff's causes of action occurred within Wayne County, Michigan. Venue is properly laid in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b) and Local Rule 83.10.

## PARTIES

4.  Plaintiff Bretton Barber is a junior at Dearborn High School. Plaintiff Barber is seventeen years old, and pursues this action through his mother and next friend, Patricia A. Barber.

5.  Defendant Dearborn Public Schools is a public school district and a body corporate organized under the laws of the State of Michigan, located within Wayne County, Michigan and the Eastern District of Michigan.

5.  Defendant Judith Coebly was at all material times the Principal of Dearborn High School and is sued in her official and individual capacities.

## FACTUAL ALLEGATIONS

6.  On February 17, 2003, plaintiff wore a T-shirt to Dearborn High School. The front of the shirt displayed a photograph of George W. Bush with the caption, "International

2

Terrorist." A photograph of the T-shirt is attached to this complaint as Exhibit A. Barber wore the shirt during his morning classes, from 7:30 a.m. until 10:30 a.m., and during part of his lunch period between 10:30 a.m. and 11:00 a.m.

7. At some time during his lunch period, plaintiff Barber was approached by Vice-Principal Michael Shelton and ordered to turn his T-shirt inside-out or go home. Barber asked why, and he was told that his shirt promoted terrorism. Barber was given no other reason why he could not display the political message on his T-shirt.

8. Barber refused to turn his shirt inside-out; and he was sent home.

9. Later that day, Barber discussed the matter with defendant Judith Coebly. Coebly told plaintiff Barber that he could not attend Dearborn High School wearing the T-shirt.

10. During the time Barber wore the T-shirt to Dearborn High School on February 17, 2003, there was no disturbance, commotion, or interruption in classes or normal activity as a result of the T-shirt.

11. As a consequence of defendants' actions, and in order not to jeopardize or interrupt his high school education, Barber has not worn the T-shirt to school since February 17, 2003. Barber wishes to express his views regarding the policies of the government by wearing the T-shirt to school, and would do so if not for the actions of defendants prohibiting him from wearing his T-shirt.

12. On information and belief, other students at Dearborn Public School facilities have worn T-shirts with political or social messages, regarding topics such as abortion, the

3

Middle East conflict, and even President George W. Bush, without suffering censorship or other repercussions.

13. At all relevant times, defendants and their agents were acting under color of state law.

## CAUSE OF ACTION:
## FIRST AMENDMENT AND 42 U.S.C. § 1983

14. Plaintiff incorporates by reference all prior paragraphs as though repeated herein.

15. By prohibiting Barber from wearing his "International Terrorist" T-shirt in school, defendants violated Barber's right to free speech and expression, and in particular his right to political expression, guaranteed by the First Amendment and the Fourteenth Amendment to the U.S. Constitution.

16. Defendants' actions were based on disagreement with the content of Barber's speech. Barber's speech did not cause any disruption of normal school activities or interfere in any manner with the educational function of Dearborn High School. There was absolutely no basis for any reasonable forecast that if Barber continued to wear his T-shirt in school, substantial disruption of the school would result.

## RELIEF REQUESTED

WHEREFORE, plaintiff requests that this Court grant the following relief:

a. Issue a declaratory judgment to the effect that defendants violated plaintiff Barber's First Amendment right to free speech and political expression by prohibiting him from wearing the "International Terrorist" T-shirt at Dearborn

4

High School;

b. Issue a temporary restraining order and/or a preliminary injunction restraining defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from prohibiting plaintiff from wearing the "International Terrorist" T-shirt at Dearborn High School during the pendency of the case or until further order of the court;

c. Issue a permanent injunction as set forth in b. above;

d. Order that defendants pay nominal damages to plaintiff;

e. Order that defendants pay plaintiff's costs and attorneys fees pursuant to 42 U.S.C. § 1988; and

f. Grant such other relief that the court deems just and equitable.

Respectfully submitted,

Andrew Nickelhoff (P37990)
Cooperating Attorney for the ACLU Fund of Michigan
Sachs Waldman, PC
1000 Farmer Street
Detroit, MI 48226
(313) 496-9429

Michael J. Steinberg (P43085)
Kary L. Moss
American Civil Liberties Union Fund of Michigan
60 West Hancock Street
Detroit, MI 48201
(313) 578-6800, ext. 814

Dated: March 27, 2003
O:\General\Nickelhoff\ACLU\Barber\Barber.com.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED